### No. 803

### First Circuit

---

## POWELL v. INDUSTRIAL LBR. CO., INC.

---

(June 16, 1931.   Opinion and Decree.)

---

Williams & Blackshear, of Oakdale, attorneys for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

ELLIOTT, J. Walter Powell alleges that, while working in the employment of Industrial Lumber Company, Inc., driving a wagon loaded with pulp wood, one of his wagon wheels hit a stump, with the result that he was thrown to the ground, and, while lying thereon, the wheels of the wagon ran over him, injuring his left knee and breaking three ribs.

The accident occurred on July 23, 1928. He alleges that his right leg has been permanently and totally disabled as a result of his injury; that he is not qualified to perform any labor except manual labor, and, since his injury, he cannot perform labor of any reasonable kind.

He admits payment of compensation on account of his injury from July 3d; but he evidently means from July 23, 1928, the date of his injury, and that weekly payments continued at the rate of $9.75 per week until June 7, 1930, at which time defendant stopped paying.

He claims that defendant should continue paying him compensation, and that there is due him as such on said account a total of $3,090.75. He does not claim this amount weekly, but, taking into account the payments received and the total amount claimed, it indicates that he is claiming compensation at the rate of $9.75 per week for approximately 300 weeks.

In article 4 of his petition he alleges that, when he fell out of the wagon, the injury was to his left knee, but in the next article it is alleged that said injury was to his right leg. The difference in averment is not noticed by defendant. The evidence fails to show that he received injury, resulting from the fall, to his left knee or his right leg.

The defendant admits that plaintiff fell from the wagon and injured his side, and alleges and shows that compensation has been paid during the entire time that plaintiff suffered on account of injury to his side and ribs, but contends that plaintiff suffered no injury, as a result of the fall, to his knee or leg, and that it does not owe him anything on that account.

The lower court held that plaintiff had been fully compensated for the injury to his side, and that the evidence did not show injury to his knee or leg as a result of the fall, and rejected plaintiff's demand.

Plaintiff has appealed.

Neither the plaintiff nor the defendant has filed a brief in the case.

We do not enter into any discussion of the injury to plaintiff's side, because his injury in that respect has been compensated for. The only question is whether plaintiff is entitled to compensation on account of injury to his knee or leg sustained in the way stated in the petition.

After plaintiff had recovered from the injury to his side, he continued to complain of injury to his leg or knee, and defendant kept on paying compensation for

9 months or more thereafter, but finally, acting on the advice of its physician, it stopped payment.

Plaintiff testifies that the wagon wheel ran over and injured his right knee, and that wood at the same time fell from the wagon and injured his side, breaking three ribs.

A witness, Mr. Smith, evidently without interest in the matter, was standing close by when the accident happened. He did not see it, but he saw what had taken place, and went immediately, while plaintiff was on the ground, and helped him up. Plaintiff, claiming that he was injured in his shoulder and back, requested to be taken to a doctor, but said nothing about injury to his knee or leg, neither at that time nor on the trip to see the doctor. Reaching the office of Dr. Mangum he complained of injury to his back and side, but said nothing about injury to his leg or knee, and did not make any complaint to the doctor on this account until a week or ten days later, when he complained that he was suffering from his knee. The doctor then examined his knee and leg, but found no signs of contusion.

Mr. Welsh was standing nearby at the time and saw the accident. Mr. Welsh is in the employ of the defendant, but his testimony seems to have been given freely and without any evidence of bias or influence resulting from his employment. He says, when the wagon struck the stump, plaintiff fell between the double trees, and then out, evidently meaning from the double trees to the ground; that he went immediately to the plaintiff; that plaintiff immediately complained of injury to his side, but not to his knee. Mr. Welsh further testifies that the wagon did not run over plaintiff; that the front wheen ran into, and was stopped by, the stump.

Other testimony shows, and the plaintiff admits, that some 10 or 12 years previous to the time in question he received an injury to his right knee while working for another industrial concern which disabled him for a couple of months. He testifies that his right foot was injured during his boyhood; that the injury caused it to turn a little to one side, with the result that he always afterwards walked with a limp.

The evidence shows that plaintiff suffers some incapacity in both knees. The physicians who gave their testimony on the subject state that the incapacity could have been caused by a wagon running over his knee; but they incline to the view that the injury was of much longer duration. The preponderance of the opinion evidence on the subject would attribute the incapacity to the first injury, received some 10 or 12 years ago. And while a possibility of injury as a result of a blow is considered, yet, according to the preponderance of opinion, the incapacity is due to other causes.

In addition to the testimony of physicians, the record contains direct evidence which tends to show that the incapacity which the plaintiff suffers from his knee has existed for 10 or 12 years, and could not have been caused by a fall from defendant's wagon on July 23, 1928, as he claims. Then again there is evidence which we see no reason to doubt, which indicates that plaintiff's injury to his knee is of rheumatic origin, and only incapacitates plaintiff at certain times; because the evidence shows that plaintiff has used his knee, both knees, on occasions since July 23, 1928, in a way not consistent with the incapacity which he claims.

The judgment appealed from is correct.